UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COZETTA KELLY, individually
and as Assignee of Michael
Clemons,

     Plaintiff,

v.                                 Case No.:  2:23-cv-626-JLB-KCD

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

     Defendant.

_____/

## ORDER

Before the Court is Plaintiff Cozetta Kelly's Motion to Compel Documents Responsive to Her First Request for Production. (Doc. 17.) Defendant State Farm Mutual Automobile Insurance Company has responded in opposition. (Doc. 18.) For the reasons below, Kelly's motion is denied.

## I. Background

Kelly sought compensation from State Farm (her insurance carrier) following an accident. But State Farm rejected the request, citing policy limits. This bad faith suit followed. Kelly claims State Farm mishandled her claim in violation of Florida law.

Now before the Court is a discovery dispute. Kelly moves to compel State Farm to produce personnel data for employees who handled her claim. Specifically, she seeks:

> Performance evaluations, statistical reviews, and other data pertaining to the job performance of the adjusters, supervisors, inhouse attorneys and/or other State Farm employees more than incidentally involved in handling the Claim, including salary and bonus information, from June 24, 2019 through the date of the Final Judgment. This request expressly does not seek these employees' Social Security Numbers, bank account information, or medical information.

(Doc. 17 at 2-3.)

State Farm has raised several objections to this discovery. Among other things, State Farm says the breadth of Kelly's request "goes beyond what is needed to address the claims and defenses at issue, . . . and therefore any burden to State Farm [is] disproportionate." (*Id.* at 3.)

## II. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Consistent with this standard, the purpose of discovery is to allow a broad search for facts that may aid a party in the preparation or presentation of her case. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("No longer can

the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.").

The party moving to compel discovery bears the initial burden of proving relevance. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at \*2 (M.D. Fla. Apr. 25, 2016). The responding party must then demonstrate how the discovery is improper, unreasonable, or burdensome. *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-CV146-MSS-AAS, 2021 WL 5961144, at \*1 (M.D. Fla. Dec. 16, 2021). "When opposing the motion [to compel], a party must show specifically how the requested discovery is" objectionable. *Nolan v. Integrated Real Est. Processing, LP*, No. 3:08-CV-642-J-34HTS, 2009 WL 635799, at \*1 (M.D. Fla. Mar. 11, 2009).

### III. Discussion

The first issue that must be addressed is whether Kelly's request for personnel information is relevant. It is. Personnel files are relevant to bad faith claims since they show competence of the employees, extent of supervision, employer knowledge of professional shortcomings, and the standards for evaluating an employee's performance. *See Maharaj v. GEICO Cas. Co.*, 289 F.R.D. 666, 672 (S.D. Fla. 2013).

Yet State Farm maintains that Kelly's request for personnel information of anyone "more than incidentally involved in handling the claim" is overbroad.

3

The Court agrees. What employees fall under this rubric—*i.e.,* "more than incidentally involved in handling the claim"—is subjective and open to interpretation. Kelly has her claim file. If she believes misconduct occurred, she can specify what personnel files would be relevant to her claims. Without more specificity, Kelly's request is a quintessential fishing expedition that is impermissible under even the broadest application of Rule 26. *See Wopshall v. Travelers Home & Marine Ins. Co.*, 21-CV-14390, 2022 WL 610406, at \*4 (S.D. Fla. Feb. 1, 2022); *Maharaj*, 289 F.R.D. at 672.

Courts have generally allowed discovery of personnel files when the request is for a narrower group than at issue here. For example, in *Wopshall* the plaintiff requested personnel files for two specific employees as well as any other person connected to the claim. 2022 WL 610406, at \*2. The court granted a motion to compel the personnel information of the two named employees as they were the main people involved in the plaintiff's claim. *Id.* at \*4. However, the court denied the rest because the plaintiff failed "to identify the role of any particular person, what any particular person did wrong, or how experience, training, or performance evaluations have any arguable relevance to the particular allegations involving the particular person." *Id.* The same logic follows here.

Accordingly, Plaintiff Cozetta Kelly's Motion to Compel Documents Responsive to Her First Request for Production (Doc. 17) is **DENIED**.

**ORDERED** in Fort Myers, Florida on July 1, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record